## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CASEY NEWLIN,

                Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING LLC.

                Defendants.

**Case No.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227 *et. seq.*
2. FDCPA, 15 U.S.C. § 1692 *et. seq.*
3. KCPA, K.S.A. § 50-623 *et. seq.*
4. Intrusion Upon Seclusion
5. K.S.A. § 60-3701

(Unlawful Debt Collection Practices)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Casey Newlin ("Plaintiff" or "Ms. Newlin"), through her attorneys, alleges the following against Midland Credit Management, Inc., ("MCM"), and Midland Funding LLC, ("Midland'), (collectively "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.   Count III of Plaintiff's Complaint is based upon Kansas Consumer Protection Act ("KCPA"), K.S.A. 50-623 et seq., which protects consumers from suppliers who commit deceptive and unconscionable debt collection practices.

4.   Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

5.   Count V Plaintiff's Complaint is based upon Punitive Damages, K.S.A § 60-3701, which allows a Plaintiff to recover punitive damages where it is proven "by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."

## JURISDICTION AND VENUE

6.   Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.   Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8.   Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

9.   Plaintiff is a natural person residing in Kansas.

10.  Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3).*

11.  Plaintiff is a "consumer" as defined by *K.S.A. § 50-624(b).*

12.  Defendant MCM is a "supplier" as defined by *K.S.A. § 50-624(l).*

13.  Defendant MCM is a "debt collector" as defined by *15 U.S.C. § 1692a(6).*

14.  Defendant Midland is a "supplier" as defined by *K.S.A. § 50-624(l).*

15.  Defendant Midland is a "debt collector" as defined by *15 U.S.C. § 1692a(6).*

16. At all relevant times herein, Defendant MCM, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer transaction," as defined by *K.S.A. § 50-624(c)*.

17. At all relevant times herein, Defendant, MCM, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *FDCPA 15 U.S.C. § 1692a(5)*.

18. Defendant is a debt collector with its principal place of business located in San Diego, California. Defendant can be served with process through its agent, Corporation Service Company, at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS  66614.

19. At all relevant times herein, Defendant Midland, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer transaction," as defined by *K.S.A. § 50-624(c)*.

20. At all relevant times herein, Defendant, Midland, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *FDCPA 15 U.S.C. § 1692a(5)*.

21. Defendant is a debt collector with its principal place of business located in San Diego, California. Defendant can be served with process through its agent, Corporation Service Company, at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS  66614.

22. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

23. Defendants are attempting to collect an alleged debt from Plaintiff.

24. In or around January 2018, Plaintiff received a letter from Capital One Bank indicating that Defendant Midland Funding LLC acquired her alleged Capital One Bank account.

COMPLAINT AND DEMAND FOR JURY TRIAL

25. On or about January 25, 2018 at 1:41 p.m., Plaintiff sent a letter to Defendant MCM via fax disputing the alleged debt that MCM was attempting to collect on.

26. Further, the letter indicated that any telephone calls received from Defendant MCM would be considered harassing and that Defendant MCM should respond in writing only.

27. Plaintiff did not receive a response from Defendant MCM to her January 25, 2018 letter.

28. In or around February 2019, Plaintiff received a letter from Defendant MCM dated February 21, 2018.

29. The February 21, 2018 letter was the initial communication from Defendant MCM.

30. Again, on or about February 24, 2018, at 9:55 p.m., Plaintiff sent another letter to MCM via fax disputing the alleged debt that MCM was attempting to collect on.

31. Further, the letter indicated that no response was made to the first letter and indicated that any telephone calls would be considered harassment and that MCM should respond in writing only.

32. Defendant MCM did not respond to Plaintiff's validation request.

33. In or around June 2018, MCM began an automated debt collection call campaign to Plaintiff's cellular phone number ending in 1265.

34. The calls placed by Defendant MCM originated from (480) 448-3770, (800) 305-2252, (877) 365-9864, (320) 207-5848, (877) 434-3807, (858) 221-0187, (480) 448-3778, (619) 354-6301, (855) 967-7399, and (877) 236-7498. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant MCM or its agent(s).

35. On at least one occasion, Plaintiff answered a phone call from Defendants; Plaintiff heard a short pause before one of Defendants' agents began to speak, indicting the use of an automated telephone dialing system.

36. On or about August 22, 2018, at 3:03 p.m., Plaintiff received a phone call from Defendant on her cell phone; Plaintiff heard a short pause before one of Defendants' agents began to speak, indicting the use of an automated telephone dialing system.

37. During this conversation, Plaintiff spoke to a representative, who indicated that Defendants were attempting to collect a debt.

38. Plaintiff clearly stated to the representative that she was going through a financial hardship and wanted Defendants to quit calling her.

39. Between June 23, 2018 and August 22, 2018, Defendants called Plaintiff's cellular phone no less than one-hundred (100) times after requesting for Defendants to contact her in writing only.

40. MCM did not validate the debt as requested by Plaintiff and as required under the FDCPA, 15 U.S.C. 1692g.

41. MCM did not cease collection activities as required under the FDCPA, 15 U.S.C. § 1692g, until it obtained verification of the debt

42. There were several occasions where the Defendants called the Plaintiff multiple times in one day, calling up to four (4) times in one day.

43. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

44. The calls violated the KCPA by:

    a. Engaging in unconscionable acts or practice in connection with a consumer transaction, (K.S.A § 50-627(a))

    b. Defendants knew that Plaintiff had disputed the debt and requested that Defendants contact her in writing on two (2) separate occasions, and Defendants ignored those requests and contacted her.

    c. As such, Capital One is liable under KCPA § 50-623 *et seq*., for actual or statutory damages, which one is greater, and attorney fees and costs.

45. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

46. Further, the conduct was done with such frequency so as to harass Plaintiff.

47. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendants violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

50. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of the FDCPA, 15 U.S.C. § 1692)

51. Plaintiffs incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

52. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

    b. Defendants violated 15 U.S.C. § 1692d by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    c. Defendants violated 15 U.S.C. § 1692g by continuing collection activity after Plaintiff disputed the debt without obtaining verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor and mailing such to the consumer.

53. Defendants' acts, as described above, were done knowingly and willfully.

54. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

**(Violations of the Kansas Consumer Protection Act, 50-623 et seq.)**

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

56. Defendants violated the KCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated § 50-627(a) of the KCPA, which states in pertinent part, "No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

        i. By calling Plaintiff no less than one-hundred (100) times after being told to contact Plaintiff in writing only on two (2) occasions and to quit calling her, the Defendant acted in an unconscionable manner, and therefore, violated the KCPA.

        ii. By continuously calling Plaintiff after she requested verification of the debt and Defendants ignored both requests to obtain verification of the debt, the Defendant acted in an unconscionable manner, and therefore, violated the KCPA.

57. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay an alleged debt.

58. As a result of the foregoing violations of the KCPA act, 50-623 et seq., Defendant' are liable to Plaintiff for actual damages or statutory damages, whichever one is greater, and attorney fees.

COMPLAINT AND DEMAND FOR JURY TRIAL

**COUNT IV**

**(Intrusion Upon Seclusion)**

59. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

60. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

61. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b.    The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c.    Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work and sleep schedule.

    d.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

62. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

**COUNT V**

**(K.S.A § 60-3701)**

63. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

COMPLAINT AND DEMAND FOR JURY TRIAL

64. Kansas Stat § 60-3701 allows a Plaintiff to recover punitive damages where it is proven "by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."

65. Plaintiff is informed and believes that the aforesaid conduct was willful, wanton and malicious and Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

66. Defendant was aware that Plaintiff had disputed the debt and requested that Defendants contact her in writing only, and despite that, Defendants bombarded Plaintiff with automated debt collection calls in violation of the TCPA, FDCPA, KCPA, and Plaintiff's privacy rights.

67. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Casey Newlin respectfully requests judgment be entered against Defendants, Midland Credit Management, Inc., and Midland Funding LLC, for the following:

A.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D.  Costs and reasonable attorney's fee's pursuant to 15 U.S.C. § 1692k(a)(3);

E.  Statutory damages up to $10,000.00 per violation pursuant to K.S.A. § 50-636(a);

F.  Actual damages pursuant to K.S.A. § 50-634(b);

G.  Cost and reasonable attorneys' fees pursuant to K.S.A. § 50-634(e);

H.  Punitive damages to be determined at trial, for the sake of example of punishing Defendant for their malicious, wanton and willful conduct, pursuant to K.S.A § 60-3701;

I.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

J.  Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 4, 2019

By: /s/ *JD Haas*
JD Haas, Esq.
**J D Haas & Associates, PLLC**
9801 Dupont Avenue South, Suite 430
Bloomington, MN 55431
T: (952) 345-1025
F: (952) 854-1665
E: jdhaas@jdhaas@.com

Attorneys for Plaintiff,
*Casey Newlin*